ORIGINAL

ORIGINAL
FILED
MAR 18 2008
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

YVONNE S. BROWN
11709 Capstan Drive
Upper Marlboro, Maryland 20772

Plaintiff,

v.

Case No:. 08-186 C

UNITED STATES OF AMERICA
United States Attorney
For the District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20001

and

Attorney General of the United States
10th Street and Constitution Avenue, N.W.
Washington, D.C. 20530

and

ANN VENEMAN
SECRETARY OF AGRICULTURE
14TH St. and Independence Avenue, S.W.
Washington, D.C. 20250

Defendants.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff, Yvonne S. Brown, by and through undersigned counsel, and files this complaint for damages against Defendants United States of America and Ann Veneman, Secretary of Agriculture, for alleged common law violations.

**JURISDICTION AND VENUE**

1. This court has jurisdiction over this action pursuant to Title 28 U.S.C. § 2503 (b). Venue is proper as the occurrences upon which this complaint is based involves a government contract to which the Court of Federal Claims has exclusive jurisdiction.

2. Plaintiff, Yvonne Brown, ("BROWN"), brings this action for breach of contract.

**PARTIES**

3. At all relevant times to this action, Plaintiff Yvonne Brown was employed by the United States Department of Agriculture. Plaintiff timely filed a complaint with the Equal Employment Office Commission alleging breach of a duly signed settlement agreement signed on May 11, 1998 (Exhibit A). The Department has received a right to sue letter from the EEOC.

4. Defendant, United States of America is a defendant in this action because it controls and operates the United States Department of Agriculture. Defendant Ann Veneman is sued herein in her capacity as the Secretary of Agriculture, and is the individual ultimately authorized to make final decisions on behalf of the agency.

**FACTS COMMON TO ALL COUNTS**

5. On August 04, 1968 Plaintiff started working for the Department of Agriculture.

6. At the time of the discriminatory act, Plaintiff was employed as a GS-13, Program Analysis Officer.

7. On or around November 08, 1993, job announcement GS-343-14, Program Analysis Officer, Inspection Assignment Branch (IAB) was posted. Plaintiff did not receive notice of the announcement from her supervisor, Margaret Nunnery.

8. Plaintiff received word of the announcement on December 02, 1993 because the announcement was not prepared for circulation within the Program Development Division, (PDD) until November 12, 1993. The routing slip attached to the announcement contained the remark: "For those interested".

9. Plaintiff later learned that the announcement was circulated through IAB and that the selectee, Dave Adams (white male), was the first staff member on the list to receive the announcement. It was later learned by the Plaintiff that Dave Adams would be selected for the position and that it would be a "waste of time" to apply for the position.

10. Selectee Adams was selected for and received special management and IRM training. African-American GS-13 staff members were neither informed of nor offered training.

11. Selectee Adams also received special assignments and appointments to committees or task groups from his branch chief, Margaret Nunnery, that would give him the type of experience necessary to qualify for advancement. These opportunities were not given to similarly situated African-American employees.

12. Peggy Nunnery deliberately failed to meet with all eligible candidates to inform them of vacancies that need to be filled.

13. Ms. Nunnery and other officials at the Department of Agriculture have consistently and willfully failed to disclose the opening of job announcements to

qualified African-American employees before the closing dates in an attempt to sabotage their opportunities to apply for positions.

14. Margaret Nunnery retaliated against Plaintiff when Plaintiff filed an EEO complaint regarding the non promotion when she consistently gave Plaintiff unreachable job tasks and continued to deny Plaintiff employment opportunities.

15. After four years the Complainant and the agency reached a resolution in the form of a settlement agreement dated May 11, 1998.

16. As a condition of the settlement, the Defendant promised to among other things, provide a mentor for the Plaintiff, fully assist the Plaintiff in formulating a Career Development Plan (CDP), and detail Plaintiff with a temporary promotion to GS-14 for 120 days as part of the CDP.

17. The first substantive meeting involving Plaintiff's supervisor and other agency officials occurred on June 09, 1998 nearly a month after the agreement was signed.

18. Plaintiff diligently attempted to carry out all sections of the agreement. She also contends that the terms of the agreement that were carried out were only done so through the constant prodding of the Plaintiff and her representatives.

19. During the course of a career goals and CDP meeting with Nancy Bellony (mentor) she expressed her desire to stay in her then current branch as a GS-14 and she was told that there was not any work for her at the branch level.

20. Plaintiff was aware however that Mary Stanley, an employee in International Policy was promoted to a GS-14.

21. Supervisor Sally Stratmoen suggested that Plaintiff significantly reduce the number of training courses she would attend even though the Settlement agreement did not limit her opportunities to receive additional learning opportunities.

22. Defendant failed to provide a mentor as was provided in the Settlement Agreement.

23. Defendant failed to formulate a Career Development Plan for the Plaintiff.

24. Plaintiff was temporarily detailed for 120 days to the Dairy, Livestock and Poultry Division of the Foreign Agriculture Service. This detail was not in the Plaintiff's present work organization at the time as was required in the agreement and was the result of a subsequent EEOC complaint filed by the Plaintiff in February, 2000.

25. The detail ended on July 20, 2000, and was extended one year until July 20, 2001. The extension was not at the GS-14 level.

26. Plaintiff is still employed with the agency as a GS-13.

27. Defendant's failure to abide by the terms of the May 11, 1998 Settlement Agreement was done as a result of her earlier EEOC involvement, a conscious disregard of Plaintiff's rights, and done with the malicious intent to injure Plaintiff.

## COUNT I
## BREACH OF CONTRACT

28. Plaintiff repeats and re-alleges the allegations of paragraph 1 through 27, inclusive, and incorporates the same by reference as though set forth fully herein.

29. Plaintiff and Defendant executed a Settlement Agreement on May 11, 1998. The terms of the agreement included several job enhancement initiatives that the Defendant agreed to provide to the Plaintiff.

30. Defendant materially breached this agreement by not complying with the specific terms of the document.

31. Plaintiff has incurred unspecified loss of annual salary, salary increases and other potential benefits. Plaintiff is entitled to general and compensatory damages in amounts proven at trial.

WHEREFORE, Plaintiff respectfully prays this Court:

(a) To award compensatory damages in excess of three hundred and fifty thousand dollar ($350,000);

(b) To award punitive damages against Defendant in an amount in excess of one hundred thousand dollars ($350,000);

(c) To promote the Plaintiff to an appropriate GS-14 position in the Department of Agriculture.

(d) To award reasonable attorney fees and costs of this action; and

(e) To award such other further relief as this Court deems just and proper.

Respectfully submitted,

Reuben B. Collins, II
The Collins Law Group, LLC
P.O. Box 1857
La Plata, Maryland 20646
(301) 934-4366
(301) 934-1688 facsimile
**FOR PLAINTIFF**

# EXHIBIT A

# SETTLEMENT AGREEMENT

This agreement is made by and between YVONNE BROWN (hereinafter referred to as Complainant), and the U.S. Department of Agriculture, FOOD SAFETY AND INSPECTION SERVICE (hereinafter referred to as Agency). These parties agree that this settlement agreement constitutes a full, complete, and final settlement of all concerns raised in the Complainant's formal EEO complaint filed on April 13, 1994.

The parties wish to set forth the terms of the settlement agreement in writing. This agreement is not an admission or concession by either the Complainant or the Agency that discrimination occurred, or that either party's perception of facts was correct or incorrect.

Execution of this settlement agreement does not prevent the Agency from pursuing any issues of alleged misconduct raised in the complaint nor from initiating any preventive, corrective or disciplinary action against Agency officials, if warranted, except [redacted] no disciplinary action will be pursued against the complainant for the above matters. 4/8/98 JBM YZ

This agreement is authorized under 29 CFR 1614, and other applicable regulations and guidelines on processing EEO complaints in the Federal Government.

The Agency Agrees To:

1. Provide a mentor to the complainant with input into selection from complainant. 4/98 JBM YZ The selection of the mentor would take into account the complainant's future employment goals, and her compatibility with available and interested mentors at the GS-14 or 15 or higher level. A mentor will be named within three weeks of the signing of this agreement.

2. Fully participate with the Complainant in formulating a written Career Development Plan (CDP) specifically tailored for the Complainant within 30-60 days of the execution of the settlement agreement. YZ 4/98 JBM The specific details of the CDP will be jointly agreed to by the Complainant, her mentor, her supervisor(s), and representatives of the Agency. It is anticipated that the CDP will cover a period of 12 to 18 months. The CDP will include appropriate formal and informal training, self-development activities, and appropriate details or special assignments. It will also include advice and counsel, from within or outside the Agency, on improving her promotion application.

3. Specifically include in the CDP a detail to a GS-14 YZ 4/98 JBM position within the Agency ~~at the GS-14 level~~ in the Washington D.C. metropolitan area. 4/98 JBM YZ The detail will be for a period not to exceed 120 days, and will include a non-competitive, temporary promotion for the Complainant for the entire period of the detail.

The agency will make reasonable efforts to ensure that the 120 day detail will be in the complainant's present work organization. The detail will be provided within 60-90 days of the execution of the settlement agreement YZ

YZ 1 of 3 JBM 4/98 JBM

1

SETTLEMENT AGREEMENT



4. Pay to the Complainant's representative one half of the Complainant's reasonable and documented attorney fees directly associated with the processing of the subject EEO complaint, up to the amount of $5,000. This payment will occur 30 days after the Agency receives an itemized listing of fees in accordance with 29 CFR 1614. Should there fail to be an agreement on what constitutes reasonable fees, the issue shall be severed from the resolution and pursued as a separate matter.

5. The Agency agrees to pay the complainant a lump sum of $3000 within 30 days of the execution of the settlement agreement, without deduct.

The Complainant Agrees To:

1. Withdraw her formal complaint (Agency # 940413) and any informal complaints concerning matters contained in the above referenced complaint; and not raise any new complaints about the issues in the above-cited complaint.

2. Release, waive and withdraw any and all informal and formal complaints, grievances, appeals, or civil actions against the Agency, its employees and officers in their individual or official capacities, for any matters involving her employment with the Agency, prior to the signing of this agreement. This agreement does not prevent the Complainant from exercising her rights under 29 CFR 1614 in any other matter that arises after the signing of this agreement.

Both Parties Agree To:

1. Respect the privacy rights of all individuals involved in the matter. The fact that the case was voluntarily resolved in a matter acceptable to both sides may be communicated to others. Explicit terms of the agreement will not be discussed with, disclosed or released to anyone who does not need the information to implement the agreement, without the expressed permission of the other party.

2. Cooperate and communicate in good faith to implement and to abide by the terms of this agreement.

3. Declare this complaint resolved through this settlement agreement. There are no other agreements between the parties, either expressed or implied, oral or written.

4. That after the agreement is fully implemented ( i.e. after a mentor has been appointed, and after the CDP has been prepared ), the Agency will within 30 days, provide the Complainant with a written notice explaining the specific actions taken to implement the agreement. A copy of the notice will be provided to the Complaints Compliance Division. If the Complainant has any questions about the implementation actions after receiving the notice, and the questions are not satisfactorily addressed by the

Agency, the Complainant may raise these questions with the Complaints Compliance Division, at the address below, or by calling (202) 720-7467.



5. That if the terms of this agreement are not carried out, through no fault of the Complainant, the Complainant may request enforcement of the terms of the agreement, or that the complaint be reinstated at the point at which it was closed by this agreement. This request must be filed within 30 days of the alleged failure to implement this agreement with the Director, Complaint Compliance Division, Office of Civil Rights, USDA, Room 1336-S, 1400 Independence Ave. SW, Washington, DC 20250-9817. This request should also include a copy of this agreement, an explanation of which particular term or terms have not been fulfilled, and any other relevant documents. A copy of the request should also be provided to the individual who signed this agreement on behalf of the Agency. Thereafter, the processing of the alleged breach claim shall be in accordance with 29 CFR Part 1614

6. That they fully understand the terms of this agreement and are entering into it voluntarily, without coercion or duress.

Yvonne S. Brown
Yvonne Brown
Complainant

May 11, 1998
Date

John Mahoney
Complainant's Representative

May 11, 1998
Date

Mark Leking
Agency Representative

May 11, 1998
Date

3 of 3