IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YVONNE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-186C |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests this Court to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Plaintiff's claim for breach of a settlement agreement neither presents a claim for actual, presently due money damages, nor invokes a money-mandating statute or regulation. Accordingly, the complaint falls outside the Court's jurisdiction. In addition, plaintiff's claims accrued by no later than 2000, and are therefore barred by the statute of limitations.

QUESTIONS PRESENTED

1. Whether the Court lacks subject matter jurisdiction to entertain the complaint because it neither presents a claim for presently due money damages nor identifies a money-mandating provision.
2. Whether Ms. Brown's claims are barred by the statute of limitations, 28 U.S.C. § 2501.
3. Whether the Court lacks subject matter jurisdiction to entertain Ms. Brown's claims for equitable relief and punitive damages.

4. In the alternative, if the Court does possess jurisdiction, whether Ms. Brown has stated a claim upon which relief can be granted.

STATEMENT OF FACTS

For the purposes of this motion, we will treat the allegations of the complaint as true. On May 11, 1998, Ms. Brown entered into a settlement agreement with her employer, the Department of Agriculture ("USDA"). Compl. Ex. A. In the settlement agreement, USDA agreed to provide Ms. Brown with a mentor and to "[f]ully participate with [Ms. Brown] in formulating a written career development plan" within 60 days of the execution of the agreement. Compl. Ex. A at 1. USDA also agreed to make reasonable efforts to detail Ms. Brown for 120 days to a GS-14 position that was within her work organization. Id. Ms. Brown was detailed to a GS-14 position for a 120-period that ended on July 20, 2000. Id. ¶¶ 24-25. The detail was extended for one year, but the extension was not at the GS-14 level. Id. ¶ 25.

Ms. Brown alleges that USDA breached the 1998 settlement agreement in three ways. First, she alleges that USDA failed to provide her with a mentor. Id. ¶ 22. Second, she alleges that USDA failed to formulate a career development plan for her. Id. ¶ 23. Third, she implicitly alleges that USDA failed to make reasonable efforts to ensure that the 120-detail would be to a position within her work organization. Id. ¶ 24.

The 1998 settlement agreement included the following paragraph:

> [I]f the terms of this agreement are not carried out, through not fault of the Complainant, the Complainant may enforce the terms of the agreement, or that the complaint be reinstated at the point at which it was closed by this agreement. This request must be filed within 30 days of the alleged failure to implement this agreement with the Director, Complaint Compliance Division, Office of Civil Rights, USDA, Room 1336-S, 1400 Independence Ave. SW,

> Washington, DC 20250-9817. This request should also include a copy of the agreement, an explanation of which particular term or terms have not been fulfilled, any other relevant documents. A copy of the request should also be provided to the individual who signed this agreement on behalf of the agency. Thereafter, the processing of the alleged breach claim shall be in accordance with 29 CFR Part 1614.

Compl. Ex. A at 3.

ARGUMENT

I. Applicable Legal Standard

It is axiomatic that if this Court lacks subject matter jurisdiction to entertain the claims in the complaint, the complaint is to be dismissed. RCFC 12(b)(1). The plaintiff bears the burden to demonstrate that the Court possesses jurisdiction to entertain her claims. McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). Furthermore, the plaintiff must carry this burden by a preponderance of the evidence. Reynolds, 846 F.2d at 748.

In determining whether it possesses subject matter jurisdiction, this Court is to treat the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). Where a plaintiff has attached materials to her complaint, those materials may be considered as part of the complaint. Pennington Seed, Inc. v. Produce Exchange No. 299, 457 F.3d 1334 1342 n. 6 (Fed. Cir. 2006).

The jurisdiction of this Court is limited; this Court possesses jurisdiction only to entertain claims where the United States has waived its sovereign immunity from suit. United States v. Testan, 424 U.S. 392, 399 (1972); Booth v. United States, 990 F.2d 617, 619 (Fed. Cir. 1993).

The Tucker Act, 28 U.S.C. § 1491, governs the United States' waiver of sovereign immunity from suit in this Court:

> This statute confers jurisdiction on the Court of Federal Claims, and a corresponding waiver of the government's sovereign immunity from suit, when the constitutional provision, statute, or regulation in question expressly creates a substantive right enforceable against the federal government for money damages.

LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Because the Tucker Act is merely a jurisdictional statute, however, it creates no substantive right to relief in suits against the United States. Accordingly, a plaintiff in this Court must identify a contract or money-mandating constitutional provision, statute, or regulation that entitles her to relief. Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997); Sanders v. United States, 34 Fed. Cl. 75, 78 (1995). If the source as alleged and pleaded is not money-mandating, the court shall dismiss the cause for lack of jurisdiction. Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005).

In any event, claims for money under the Tucker Act must be brought within six years after the date the claim accrues, and this is a jurisdictional requirement. 28 U.S.C. § 2501; Soriano v. United States, 352 U.S. 270, 273 (1957); MacLean v. United States, 454 F.3d 1334, 1336 (Fed. Cir. 2006).

## II. The Court Does Not Possess Jurisdiction To Entertain The Complaint

### A. The Complaint Does Not Identify A Money-Mandating Provision Entitling Ms. Brown To Relief

To invoke this Court's jurisdiction, Ms. Brown must allege a substantive right to relief of the type that "can be fairly interpreted as mandating compensation by the Federal Government for the damage sustained," Griswold v. United States, 61 Fed. Cl. 458, 466 (2004) (quoting Eastport S.S. Corp. v. United States, 372 F.2d 1002, 1009 (Ct. Cl. 1967)). Ms. Brown "must

establish more than the mere existence of a contract to bring [her]self within the jurisdiction of this court." Phillips v. United States, 77 Fed. Cl. 513, 517 (2007). Rather, Ms. Brown must present a claim for "actual, presently due money damages" to establish this Court's jurisdiction. Id. (quoting United States v. King, 395 U.S. 1, 3 (1969)). Ms. Brown has failed to do so, and therefore her complaint should be dismissed.

This case is indistinguishable from Phillips, in which this Court held that it did not possess jurisdiction to entertain a complaint alleging breach of a substantially similar settlement agreement. In Phillips, as here, the plaintiff sued for breach of a settlement agreement with his employing agency. The settlement agreement in Phillips closely resembled the settlement agreement in this case, in that: (1) it provided that in the event of breach, the plaintiff could pursue specified administrative remedies, including those set forth in 29 C.F.R. § 1614;[1] and (2) it did not provide any monetary remedy for breach. 77 Fed. Cl. at 518-19.

This Court held in Phillips that the settlement agreement could not be fairly interpreted as money-mandating. The plaintiff in Phillips alleged that the agency had breached a promise to look for opportunities to reassign the plaintiff to a position with career advancement potential. Id. at 518. The Court found that this promise could not be construed to create a substantive right to money damages in the event of breach. Id. at 519. The Court further held that the agreement could not be reasonably construed as authorizing a suit for money damages in this Court in the event that the plaintiff was unsuccessful in obtaining administrative relief. Id.

---

[1] The Equal Employment Opportunity Commission regulations set forth in 29 C.F.R. § 1614 provide that if a complainant believes that the agency has failed to comply with the terms of a settlement agreement "[t]he complainant may request that the terms of the settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased." 29 C.F.R. § 1614.504.

Here, as in Phillips, Ms. Brown alleges breach of promises to assist her career advancement. Even if those promises were not honored, the settlement agreement does not mandate money damages for breach. Ms. Brown has not identified any statute or regulation that would authorize monetary relief; the only statute cited in her complaint is 28 U.S.C. § 2503, which describes the procedures of this Court in general terms. Accordingly, the complaint must be dismissed because Ms. Brown has not identified a money-mandating provision entitling her to relief.

B. Ms. Brown's Claims Are Barred By The Statute Of Limitations

The United States waives its sovereign immunity under the Tucker Act only for claims that accrued within six years of the filing of a complaint. 28 U.S.C. § 2501; see Taylor, 73 Fed. Cl. at 538. A claim against the United States accrues when "all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." Brown Park Estates-Fairfield Dev. Co. v. United States, 127 F.3d 1449, 1455 (Fed. Cir. 1997).

Ms. Brown alleges that USDA first breached the settlement agreement in 1998. The settlement agreement provided that USDA would provide a mentor to Ms. Brown "within three weeks of the signing of this agreement." Compl. Ex. A at 1. The settlement agreement was signed on May 11, 1998. Therefore, if USDA failed to provide a mentor to Ms. Brown, that claim accrued no later than June 1, 1998.

The settlement agreement further provided that USDA would participate with Ms. Brown in formulating a career development plan within 60 days of the execution of the settlement agreement. If the agency breached that promise, the claim accrued on July 10, 1998, 60 days after execution of the settlement agreement.

The settlement agreement also provided that USDA would detail Ms. Brown to a GS-14 position and that the agency would make reasonable efforts to ensure that the detail position would be in Ms. Brown's work organization. As Ms. Brown acknowledges, the agency detailed her to a GS-14 position for a 120-period that ended on July 20, 2000. Compl. ¶¶ 24-25. If the agency breached its promise to make efforts to detail Ms. Brown to her work organization, that claim accrued no later than the beginning of her detail assignment, on March 22, 2000.

Ms. Brown filed this action on March 18, 2008, which was more than six years after all of the alleged breaches identified in the complaint occurred. The statute of limitations set forth in 28 U.S.C. § 2501 bars her claims.

C. The Court Cannot Grant The Equitable Relief Or Punitive Damages Sought By Ms. Brown

In addition to money damages for breach of contract, Ms. Brown seeks a promotion to a GS-14 position and punitive damages. This Court cannot grant the equitable relief that Ms. Brown requests. This Court "cannot grant nonmonetary equitable relief such as an injunction or a declaratory judgment, or specific performance." First Hartford Corp. v. United States, 194 F.3d 1279, 1294 (Fed. Cir. 1999). With certain strictly limited exceptions, there is no provision in the Tucker Act authorizing this Court to order equitable relief. See United States v. King, 395 U.S. at 4 (1966) ("cases seeking relief other than money damages from the court of claims have never been 'within its jurisdiction'"). But see 28 U.S.C. § 1491(b)(2) (permitting the Court of Federal Claims to grant declaratory and injunctive relief in actions regarding Government solicitations). Because Ms. Brown has failed to state a claim for money damages, her request for related equitable relief should be dismissed. See Phillips, 77 Fed. Cl. at 520.

Finally, this Court does not possess jurisdiction to entertain a claim for punitive damages. Greene v. United States, 65 Fed. Cl. 375, 379 (2005) ("It is well-established that this Court lacks authority to grant punitive damages."); Garner v. United States, 230 Ct. Cl. 941, 943 (1982) ("[P]unitive damages are not within the jurisdiction of this court."). Therefore, Ms. Brown's claim for punitive damages must be dismissed.

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss the petition for lack of subject matter jurisdiction, pursuant to RCFC 12(b)(1), or for failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(6).

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-3091
Fax: (202) 514-8640

May 19, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on May 19, 2008, a copy of the foregoing “DEFENDANT’S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Roger A. Hipp