IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YVONNE BROWN, | : | |
| Plaintiff, | : | |
| v. | : | Case No.: 08-186C<br>Judge Firestone |
| THE UNITED STATES, | : | |
| Defendant. | : | |

PLAINTIFF'S ANSWER TO DEFENDANT'S MOTION TO DISMISS

COMES NOW, the Plaintiff Yvonne Brown through her counsel The Collins Law Group, LLC and Reuben B. Collins, and respectfully requests this Court to deny Defendant's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss. As grounds for this answer, Plaintiff states the following:

QUESTIONS ANSWERED

1. Jurisdiction is proper in this case because it does infer a money-mandated provision in the contract at issue and the complaint states a claim upon which relief may be granted.
2. Plaintiff's claims are not barred by statute of limitations, 28 U.S.C. § 2501.
3. The Court has jurisdiction to review claims for equitable relief and punitive damages.

STATEMENT OF FACTS

On April 13, 1994 Plaintiff Yvonne Brown filed an EEO complaint alleging that she had been denied a promotion, training, and other advancement opportunities because

of her race (African-American) and in reprisal for prior protected conduct. On May 11, 1998, Ms. Brown and the agency executed a Settlement Agreement under which she withdrew her 1994 EEO charge and waived all complaints or actions "for any matters involving her employment with the Agency, prior to the signing of this agreement". In April 2000 Ms. Brown submitted a letter to USDA alleging that the Agency had breached the Settlement Agreement. The Agency's Director of the Office of Civil Rights concluded that the Agency was in substantial compliance in it's decision issued on September 14, 2000. The EEOC affirmed the Agency's decision on November 14, 2001.

On February 15, 2002 Plaintiff filed her Title VII complaint based on the discrimination and retaliation allegations in her 1994 EEO charge. On February 12, 2003 Plaintiff Yvonne Brown filed an Amended Complaint in the United States District Court for the District of Columbia Case No.: 02ca00300(RMC). Count III of the Amended Complaint was a common law Breach of Contract Claim based on the May 11, 1998 Settlement Agreement signed between the parties. Defendant United States filed a Motion to Dismiss the Amended Complaint and as a result, United State District Court Judge Rosemary M. Collyer in a Memorandum opinion granted respondent's Motion to Dismiss on July 09, 2003. Plaintiff through counsel timely filed a Notice of Appeal to the United States Court of Appeals for the District of Columbia Circuit dated September 05, 2003 (Case No.:03-5245)

The United States Court of Appeals in a *per curium* opinion ruled that Count II of the complaint was the jurisdiction of the United States Court of Federal Claims because it involved damages sought against the United States of more than $10,000. *Brown v. United States*, 389 F.3d 1296. The Court also ruled that Count's I and III should have

been dismissed *without* prejudice. The Court of Appeals remanded the case back to the lower court in an opinion dated December 03, 2004.

On February 22, 2005 Plaintiff filed a Motion for Status on the remanded case and requested a hearing on the matter. Plaintiff did not receive any correspondence from the court in response to the Status Motion. The last correspondence Plaintiff received was the entry of appearance of Alan Burch dated February 02, 2005.

Plaintiff again filed a Status Motion via electronic filing on January 03, 2007 and the pleading was denied by the Court's clerk office because the case was considered a closed case. On or around March 23, 2007 a former employee of undersigned's law firm pulled a copy of the District Court's case history which disclosed the filing of a *Minute Order* dated March 14, 2005 and signed by Judge Collyer which ruled that jurisdiction in the case lied exclusively in the Court of Federal Claims. The *Minute Order* also dismissed Count's I and III *without prejudice*. Undersigned also became aware at that time that the court had issued an order dismissing *without prejudice* Count's I and III on February 14, 2005. Plaintiff nor her counsel received notice of either order prior to March of 2007.

With this knowledge, Plaintiff filed a "Petition for Entry in the Court's Docket" dated June 15, 2007. The Defendant filed a Motion to Dismiss and to Strike Entry of the pleading. An informal phone conference hearing was held on December 17, 2007 before Judge Wolski. The Honorable Judge Victor Wolski ruled in an Order dated December 18, 2007 that Ms. Brown's pleading was technically not a complaint and as a result granted Defendant's Motion to Strike.

ARGUMENT

I. Applicable Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6) "the Court must view the facts presented in the pleadings and all reasonable inferences to be drawn there from in the light most favorable to the non-moving party". *Hatheway v. Stone*, 687 F.Supp. 798, 710 (D.Mass. 1988). A court should not dismiss a complaint "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief" *Kadar Corp. v. Milbury*, 549 F.2d 230, 233 (1st Cir. 1977); see *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (on motion to dismiss, issue is not whether plaintiff will prevail, but whether construing complaint liberally, plaintiff should be entitled to offer evidence in support of his claims). The Plaintiff bears the burden to demonstrate that the Court possesses jurisdiction to entertain her claims. *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178,189 (1936) While the complaint need only set forth "a generalized statement of facts," the plaintiffs must provide enough information "to outline the elements of the pleaders' claim" *Kadar Corp.*, 549 F.2d at 233.

II. Jurisdiction is Proper to Review this Complaint

A. Tucker Act Provided Venue for the Complaint

The Tucker Act provides that the Court of Federal Claims has jurisdiction over claims against the United States that are founded upon the constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. §

1491(a)(1)(2000). In addition, any claim against the United States filed in the Court of Federal Claims must be "filed within six years after such claim first accrues". *Id* § 2501.

The Court in *U.S. v. Hopkins*, 427 U.S. 123 (1976) held that [s]ince the statute applies by its terms to "any express or implied contract" we hold that it is applicable to employment contracts as well as those for goods or other services.

If the Court in its discretion were to permit the Plaintiff to pursue her claim subject matter jurisdiction would be proper. Given the opportunity to file her claim with this Court, relief could be granted based upon an expressed Settlement Agreement made with the Department of Agriculture. "Contracts made by governmental agencies traditionally have been within the general Tucker Act jurisdiction of the Court of Federal Claims…*Page Construction Co., v. United States*, 26 Cl. Ct. 198 (1992). Plaintiff entered into a contract with the Department of Agriculture where the terms of this "Settlement Agreement" were unexecuted.

In addition, the District Court order specifically ruled that "jurisdiction in this matter lies exclusively in the Court of Federal Claims" *Brown v. United States*, 389 F.3d 1296 (D.C. Circuit 2004) The District Court ultimately believed the Federal Claims Court had proper subject matter jurisdiction of Plaintiff's claim when stating the proper venue is in accordance with RCFC Rule 3.1.

B. Claims are Not Barred by Statute of Limitations

Under the Tucker Act, if a claim is transferred to the United States Court of Federal Claims for lack of jurisdiction from a United States District Court the applicable filing date is the date when the claim was originally filed in the transferring court. 28 U.S.C. § 1631 (1994) On February 12, 2003 Plaintiff Yvonne Brown filed an amended

complaint in the United States District Court. The February 12, 2003 Amended Complaint introduced the Breach of Contract Claim Count III that was dismissed *without prejudice* and is the subject of Plaintiff's Court of Federal Claims complaint.

Plaintiff filed her original complaint on February 19, 2002. 28 U.S.C. 1631 would still be satisfied using the original filing date as the tolling deadline due to Plaintiff's filing of her request for entry in the court's docket on June 15, 2007.

Respondent United States filed a Motion to Dismiss the Amended Complaint and as a result, United States District Court Judge Rosemary M. Collyer in a Memorandum Opinion granted respondent's Motion to Dismiss on July 09, 2003. Ms. Brown through counsel timely filed a Notice of Appeal dated September 05, 2003. Where Plaintiff's counsel would have received proper notice of the District Court's March 14, 2005 *Minute Order* timely filing of a complaint in this court would have followed without delay. The filing of the Request for Entry was done only after it became evident that the district court's remanding order had been filed over two years prior.

C. Court has Capacity to Grant Equitable Relief and Punitive Damages

The United States Court of Appeals for the District of Columbia was very clear in it's ruling which remanded Brown's appeal to the Court of Federal Claims.

> "In order for Brown either to pursue remedies for breach of contract or to seek relief under Title VII, she must first prove the Department breached the settlement agreement. And because this contract arises in a suit against the United States for more than $10,000 in damages, jurisdiction to decide whether the Department breached the settlement agreement lies exclusively in the Court of Federal Claims."

*Brown v. United States,* 389 F.3d 1296, 1297.

In other words the court is not asking the Court of Federal Claims to determine whether as is mentioned in *Griswald v. United States*, 61 Fed.Cl. 458 the contract in question violated Title VII. The Court of Appeals saw appropriate jurisdiction in the Court of Federal Claims to determine whether there was a breach of the settlement agreement as a common law contract action. This clearly falls within the "expressed and implied contract with the United States" provision of the Tucker Act. This provision thus gives the Court of Federal Claims under Subsection (a)(2) the authority to:

> To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records and such orders may be issued to any appropriate official of the United States. In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just.

The Court of Federal Claims has jurisdiction in the instant case to "place Ms. Brown in her appropriate duty or retirement status" which was the original intent of the May 11, 1998 settlement agreement. To determine whether the plaintiff has such a substantive right, the court must examine the alleged source of the right, in this case the Agreement, to see if it "can fairly be interpreted as mandating compensation by the Federal Government". *Phillips v. United States,* 77 Fed.Cl. 513,517 *citing Eastport S.S. Corp. v. United States,* 178 Ct.Cl. 599,607, 372 F.2d 1002 (1967).

Moreover, this court's analysis of a dispute involving an Indian Tribe and the United States over the breach of alleged fiduciary duties as trustee of its assets and property may be used as a reference under the facts of the case at bar. In *Tohono*

*O'Odham Nation v. United States,* 79 Fed.Cl. 645 this court reasoned that it has jurisdiction to review disputes without clearly defined monetary figures. In *Tohono* this court observed that if a legal trust does exist and money is recoverable for breach, then "[t]he United States as Trustee, would have to meet plaintiff's prima facie case of breach with a full accounting for its conduct. In short, assuming this action [was] to proceed in this court, and plaintiff satisfied its burden of proof, what would ensue would amount to an accounting albeit in aid of judgment. *Tohono* at 79 Fed.Cl. 653. This court has the flexibility to extract a monetary figure based on a full accounting of Defendant's conduct in the instant case. Defendant's assertion that the court lacks jurisdiction is therefore without merit.

CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that the Court deny Defendant's Motion to Dismiss pursuant to RCFC 12(b)(1) and 12(b)(6) and in the alternative that the court allow Plaintiff the opportunity to amend her complaint.

Respectfully submitted,

THE COLLINS LAW GROUP, LLC

__________/s/__________

Reuben B. Collins
P.O. Box 1857
La Plata, Maryland 20646
(301) 934-4366
(301) 934-1668 *facsimile*

CERTIFICATE OF FILING

I HEREBY CERTIFY that on July 14, 2008 a copy of the foregoing Motion was filed electronically. I understand that notice of this filing will be sent to all parties consistent with the court's electronic filing system. Parties mayt access this filing through the Court's system.

_______/s/_________
Reuben Collins