IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YVONNE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-186C |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, the United States, respectfully submits this reply in support of its motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. In our initial brief, we established that the complaint is not based upon a claim for money damages or a money-mandating provision. We also established that Ms. Brown's claims accrued, at the very latest, by March 22, 2000, and are therefore barred by the statute of limitations. Ms. Brown has not refuted our demonstration that the complaint should be dismissed.

I. Ms. Brown's Claims Are Barred By The Statute Of Limitations

Ms. Brown mistakenly contends that 28 U.S.C. § 1631 saves her claims from the statute of limitations. Pl. Br. at 5-6. 28 U.S.C. § 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610[1] of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any

[1] The definition of "court" in 28 U.S.C. § 610 includes the district courts of the United States and this Court.

> other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

In other words, section 1631 provides that if a district court finds that it would be in the interests of justice to transfer a case to this Court, then the district court shall transfer the case and the case shall proceed as if originally filed in this Court.

Section 1631 does not apply to this case because Ms. Brown's district court case was terminated by a dismissal without prejudice, and not by a transfer to this Court. On February 15, 2002, Ms. Brown filed a complaint against the United States and two other defendants in the United States District Court for the District of Columbia, Case No. 02-300. A9.[2] In an order dated July 9, 2003, the district court granted the defendants' motion to dismiss the complaint. Id. Upon appeal, the United States Court of Appeals for the District of Columbia Circuit held that some of Ms. Brown's claims sounded in contract and should have been brought in this Court pursuant to the Tucker Act, 28 U.S.C. § 1491. Brown v. United States, 389 F.3d 1296, 1297 (D.C. Cir. 2004). The court of appeals concluded: "Therefore, Counts I and III of Brown's amended complaint should have been dismissed without rather than with prejudice. Accordingly, we remand this matter to the district court for the entry of an appropriate order." Id. at 1298. Upon remand, the district court issued an order on February 14, 2005, that dismissed Counts I and III of the complaint without prejudice. A10.

At that point, Ms. Brown should have requested that the district court vacate the dismissal order and transfer the case to this Court pursuant to 28 U.S.C. § 1631. Alternatively, Ms. Brown

---

[2] "A___" refers to the appendix attached hereto.

could have filed a complaint in this Court, because at that time the statute of limitations had not yet run with respect to all of her claims.

Instead, Ms. Brown filed a confusing series of motions. On February 22, 2005, eight days after the district court's order dismissing Counts I and III, Ms. Brown filed a request for a hearing in the district court. A4. On March 14, 2005, the district court denied the motion for a hearing because the case had already been dismissed. A3. (Ms. Brown states that she did not receive the March 14, 2005 order. Pl. Br. At 3.) Nearly two years later, on January 2, 2007, Ms. Brown attempted to file a "Motion For Status" in the district court. Pl. Br. At 3, A2. The clerk of the district court rejected the filing because the case was closed. Id.

After a six-month delay, Ms. Brown filed a "Petition For Entry In The Court's Docket" in this Court on June 15, 2007. A11. The Government filed a motion to strike the petition, which was granted on December 18, 2007. A20. The Court stated that it was appropriate to strike the petition "because, as Ms. Brown's counsel admits, Ms. Brown has filed no complaint and thus there is no civil action to be entered in the docket under Rule 79 of the Rules of the United States Court of Federal Claims." Id. Ms. Brown finally filed her complaint in this case on March 18, 2008.

At no point did Ms. Brown seek a transfer of her original case from the district court to this Court. Therefore, she cannot invoke 28 U.S.C. § 1631 to save her claim from the statute of limitations. Section 1631 authorizes the district court to transfer cases "in the interests of justice." Whether transfer is appropriate is a matter entrusted to the discretion of the district court. Friedman v. Daley, 156 F.3d 1358, 1360 (Fed. Cir. 1998) (citing LeBlanc v. United States, 50 F.3d 1025, 1031 (Fed. Cir. 1995)).

To be sure, some courts have held that a district court abuses its discretion by dismissing a case without also addressing the possibility of transfer. See Trujillo v. Williams, 465 F.3d 1210, 1223 (10th Cir. 2006) (remanding with instructions for the district court to consider possibility of transfer instead of dismissal). In addition, the Court of Appeals for the Federal Circuit has raised the possibility that a case could be "deemed transferred," as a matter of equity, in the absence of an actual transfer. Henke v. United States, 60 F.3d 795, 800 (Fed. Cir. 1995) (discussing "deemed transfer" theory in dicta).

The text of 28 U.S.C. § 1631, however, makes clear that the district court, and not the potential transferee court, determines whether transfer would be in the interests of justice. If the district court abused its discretion by failing to consider the possibility of transfer, it was Ms. Brown's obligation to raise the issue in the district court, and, if transfer were denied, appeal to the Court of Appeals for the District of Columbia. Section 1631 does not authorize this Court to excuse Ms. Brown's failure to take those essential steps.

II. The Court Cannot Award Punitive Damages

Although Ms. Brown states in a subheading of her brief that the Court has the capacity to award punitive damages (Pl. Br. at 6), she provides no authority for that proposition. It is well-settled that this Court does not possess jurisdiction to entertain a claim for punitive damages. Greene v. United States, 65 Fed. Cl. 375, 379 (2005); Garner v. United States, 230 Ct. Cl. 941, 943 (1982).

III. The Court Does Not Possess Jurisdiction To Entertain The Substance Of The Complaint

Even assuming this action were timely, the Court still would not possess jurisdiction to entertain the complaint. In our initial brief, we established that the Court does not possess

jurisdiction to entertain the complaint because it is not based upon money damages authorized by a contract or a money-mandating provision. Ms. Brown's claims are based upon the agency's alleged failure to provide her certain types of career assistance pursuant to a settlement agreement, and do not state a claimfor actual, presently due money damages. We also established that this Court may not award equitable relief (with certain exceptions not applicable here).

In response, Ms. Brown does not identify a money-mandating provision, nor does she offer a theory of why she is entitled to money damages for breach of contract. Instead, she offers an analogy to Tohono O'Odham Nation v. United States, 79 Fed. Cl. 645 (2007). Her reliance upon dicta in that case is misplaced. The Court dismissed the complaint in Tohono O'Odham Nation for lack of jurisdiction pursuant to RCFC 12(b)(1) and 28 U.S.C. § 1500 because a similar case was pending in a district court. Id. at 658. Moreover, the Court correctly stated in Tohono O'Odham Nation that the Court's power to award non-monetary relief (such as an accounting) may only be used "in aid of its jurisdiction to render a money judgment," and not as "stand-alone relief." Id. at 653 (citations omitted). Ms. Brown has not identified a contractual right to money damages, because her settlement agreement does not authorize money damages in the event of breach. Therefore, there can be no money judgment in this case, and no incidental relief can be awarded in aid of the Court's jurisdiction to render a money judgment.

CONCLUSION

For these reasons, and the reasons set forth in our initial brief, we respectfully request that the Court dismiss the petition for lack of subject matter jurisdiction, pursuant to RCFC 12(b)(1), or for failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(6).

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-3091
Fax: (202) 514-8640

July 31, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on July 31, 2008, a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Roger A. Hipp