# In the United States Court of Federal Claims

**No. 08-186C**
**(Filed: October 16, 2008)**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | * | |
| | * | |
| **YVONNE S. BROWN,** | * | |
| | * | **Motion to Dismiss under RCFC** |
| **Plaintiff,** | * | **12(b)(1); Equitable Tolling; Equitable** |
| | * | **Transfer; 28 USC § 2501; 28 USC §** |
| **v.** | * | **1631.** |
| | * | |
| **THE UNITED STATES,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | * | |

*Reuben B. Collins II*, La Plata, MD, for plaintiff.

*Roger A. Hipp*, U.S. Department of Justice, Washington D.C., with whom were *Gregory G. Katsas*, *Acting Assistant Attorney General*, *Director Jeanne E. Davidson*, and *Assistant Director Patricia M. McCarthy*, for defendant.

## O P I N I O N

**FIRESTONE**, *Judge*.

This case comes before the court on a motion by the defendant, the United States ("defendant" or "government"), to dismiss the plaintiff's complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction, or, in the alternative, pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. In 1998, the plaintiff, Yvonne Brown ("Ms. Brown" or "plaintiff"), entered into a settlement agreement with her employer, the

United States Department of Agriculture ("Agency" or "USDA"), under the terms of which the Agency was to provide her with a mentor, formulate a Career Development Plan for her, and make reasonable efforts to detail her to a GS-14 position that was within her work organization.  She now seeks, in this court, to obtain money damages, including punitive damages, for alleged violations of the settlement agreement.  Oral argument was heard on October 6, 2008.

The government argues that the plaintiff's claims are barred by the statute of limitations contained in 28 U.S.C. § 2501 (2004), which bars claims not brought within six years of when the claim first accrued.  The government argues that the plaintiff's claims accrued six years from when the first alleged breach took place, in 1998, or at the latest, six years from 2000, when Ms. Brown began her settlement-mandated detail.  In response, the plaintiff argues that this court should not dismiss the case based on the statute of limitations in 28 U.S.C. § 2501.  Rather, the plaintiff argues that even though the case was filed more than six years after her claims first accrued, this court should use the date on which she filed her Amended Complaint in the United States District Court for the District of Columbia ("D.C. District"), February 12, 2003, as the filing date in this court.[1]  She argues that this court should "deem" her case transferred under 28 U.S.C. § 1631 (2000), which allows, "Whenever a civil action is filed in a [federal] court . . .  and

---

[1]As noted <u>infra</u>, Ms. Brown's original complaint in the D.C. District alleged violations of Title VII, but did not include the common law breach of contract claims now before this court, which were first included in the Amended Complaint filed on February 12, 2003.

that court finds that there is want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought . . . ." The government argues that Ms. Brown never moved for a transfer in the D.C. District, nor did the court grant transfer sua sponte, and argues that therefore, 28 U.S.C. § 1631 does not apply, and the plaintiff's case must be dismissed. In the alternative, the government argues that the case must be dismissed pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted.

For the reasons discussed below, the court finds that the six-year statute of limitations has run on Ms. Brown's claims.  Therefore, pursuant to the United States Supreme Court's holding in John R. Sand & Gravel Co. v. United States, 128 S. Ct. 750 (2008) (holding that the statute of limitations contained in 28 U.S.C. § 2501 is jurisdictional), this court finds that it has no jurisdiction over Ms. Brown's claims.  In addition, the court finds that, under John R. Sand & Gravel, it has no discretion to equitably toll the statute of limitations or "deem" the action equitably transferred.  Id. Accordingly, the defendant's motion to dismiss is **GRANTED** pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction.

## BACKGROUND FACTS

The following facts are taken from the pleadings and exhibits filed by the plaintiff and the government and are not in dispute.  They are presumed true for the purpose of deciding the defendant's motion to dismiss.  See Bell Atl. Corp. v. Twombly, 127 S. Ct.

1955, 1965 (2007) (stating that decisions on such motions to dismiss rest "on the assumption that all the allegations in the complaint are true").

### A.     The Settlement Agreement

In November 1993, Ms. Brown was employed with the USDA at the GS-13 level as a Program Analysis Officer when a job announcement was posted for a Program Analysis Officer at the GS-14 level.  Compl. ¶¶ 6, 7.  A white male ("selectee") was selected for the position.  Compl. ¶ 9.  Ms. Brown alleges that the selectee received training, special assignments, and appointments that were not made available to similarly situated African-American staff members.[2]  On April 13, 1994, Ms. Brown filed an Equal Employment Opportunity ("EEO") complaint regarding the Agency's failure to promote her.  Ptf.'s Resp. at 1.

On May 11, 1998, Ms. Brown entered into a settlement agreement ("agreement") with the Agency.  Compl. ¶ 15.  In the agreement, the Agency agreed to provide the plaintiff with a mentor at or above the GS-14 level within three weeks of the execution of the agreement.  Compl. Ex. A at 1.  The Agency also agreed to fully participate with Ms. Brown in formulating a written Career Development Plan ("CDP") within 30-60 days of the execution of the agreement.  Compl. Ex. A at 1.  The agreement mandated that the CDP "[s]pecifically include . . . a detail to a GS-14 position within the Agency in the Washington, D.C. metropolitan area . . . . for a period not to exceed 120 days."  Id.  The

---

[2]Ms. Brown is African-American.

detail was to include "a non-competitive, temporary promotion [to the GS-14 level] for

the Complainant for the entire period of the detail." Id.  In the agreement, the Agency

agreed to "make reasonable efforts to ensure that the 120 days [sic] detail will be in the

Complainant's present work organization" and that "[t]he detail will be provided within

60-90 days of the execution of the settlement agreement." Id.  The parties also agreed to

"[c]ooperate and communicate in good faith to implement and to abide by the terms of

[the agreement]." Id. at 2.

### B.    Procedural Background at the Agency Level

In April 2000, the plaintiff submitted a letter to the USDA alleging that the

Agency had breached the 1998 agreement.  Brown v. United States, 271 F. Supp. 2d 225,

227 (D.D.C. 2003); Ptf.'s Resp. at 2.  The Agency's Director of the Office of Civil Rights

issued a decision on September 14, 2000, concluding that the Agency was in substantial

compliance with the agreement and that Ms. Brown had breached her duty under the

agreement to cooperate and communicate in good faith.  Brown, 271 F. Supp. 2d at 227.

Specifically, Director Rosalind Gray stated:

> It is clear that a formal CDP has not been completed.  However, it is not
> because of the lack of effort by the Agency.  Ms. Brown began to delay
> immediately after her return from leave, and developed a pattern of canceled
> meetings and lack of initiative to move forward.  She identified four particular
> [training] courses she wanted.  The Agency determined the content and
> provided the same content in other local courses. Ms. Brown refused to accept
> this action, or provide other options. In fact, the Agency acted to ensure her
> enrollment by obtaining an extension of the application period, and prepared
> documents for her.  She did not complete them nor discuss any concerns with
> the Agency . . . .  We find that Ms. Brown has not met her obligation to work

<u>in good faith with the Agency on this term.</u>

<u>Id.</u> (quoting the Agency's decision) (emphasis added).  Ms. Brown timely appealed to the

Equal Employment Opportunity Commission, which affirmed the Agency's decision on

November 14, 2001.  <u>Id.</u>

### C.      Procedural Background in Other Federal Courts

On February 15, 2002, Ms. Brown filed suit in the D.C. District, based on the

discrimination and retaliation allegations contained in her 1994 EEO charge.  <u>Id.</u>; Ptf.'s

Resp. at 2; Def.'s Reply Ex. A at A9.  The defendant filed a motion to dismiss, on the

ground that those charges were covered by the 1998 settlement agreement.  <u>Brown</u>, 271 F.

Supp. 2d at 227.  The district court denied the motion to dismiss and granted the plaintiff

an opportunity to amend her complaint.  <u>Id.</u> at 227-28.  Ms. Brown filed an amended

complaint on February 19, 2003, which contained three counts: "(1) race discrimination

and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §

2000e et seq. [(1991)]; (2) breach of the settlement agreement under 42 U.S.C. § 1981

[(1991)]; and <u>(3) common law breach of contract for noncompliance with the settlement</u>

<u>agreement.</u>" <u>Brown</u>, 271 F. Supp. 2d at 228 (emphasis added).  The defendant Agency

filed a Motion to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1)

and 12(b)(6).  The court granted the motion, holding that: (1) the settlement agreement

precluded Ms. Brown from reinstating the claims addressed by that agreement once she

elected to seek redress through EEO procedures, <u>Brown</u>, 271 F. Supp. 2d at 228-29; (2)

the clear statutory language of 42 U.S.C. § 1981 "bars Ms. Brown's [second claim] against the United States and USDA, since § 1981(c) does not address [alleged] impairment [of the agreement] by the federal government," <u>Brown</u>, 271 F. Supp. 2d at 229 (<u>quoting</u> <u>Williams v. Glickman</u>, 936 F. Supp. 1, 3 (D.D.C. 1996) (internal quotation marks omitted)); and (3) the third claim was barred by the running of the 90-day statute of limitations. <u>Brown</u>, 271 F. Supp. 2d at 230. The motion was granted on July 9, 2003, and the case was dismissed with prejudice. Def.'s Reply Ex. A at A4.

On appeal, the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") held that Ms. Brown's claim for breach of contract "<u>should have been brought in the Court of Federal Claims</u> pursuant to the Tucker Act, [28 U.S.C. § 1491 (2000)], because [Ms. Brown] advances a contract claim against the United States in excess of $10,000." <u>Brown v. United States</u>, 389 F.3d 1296, 1297 (D.C. Cir. 2004) (emphasis added). Further, the D.C. Circuit stated that "jurisdiction to decide whether the Department breached the settlement agreement <u>lies exclusively in the Court of Federal Claims</u>." <u>Id.</u> at 1297-98 (emphasis added) (<u>citing</u> <u>Shaffer v. Veneman</u>, 325 F.3d 373 (D.C. Cir. 2003); <u>Massie v. United States</u>, 166 F.3d 1184 (Fed. Cir. 1999)). The D.C. Circuit issued its decision on December 3, 2004, and remanded the case to the D.C. District for entry of an order dismissing the case without prejudice. <u>Brown</u>, 389 F.3d at 1298. That order was issued on February 14, 2005. Neither the plaintiff nor her attorney claim that they did not receive these opinions.

-7-

On February 22, 2005, the plaintiff filed a request for a status hearing in the D.C.

District.  The court denied the motion on March 14, 2005, on the grounds that the case

had already been dismissed and that "the D.C. Circuit ha[d] ruled that jurisdiction in this

matter [lay] exclusively in the Court of Federal Claims."  Minute Entry Order Denying

Plaintiff's Motion for Hearing, Brown v. United States, No. 02-300 (D.D.C. Mar. 14,

2005).  Ms. Brown's attorney claims that he did not receive notice of this order and that

he first became aware of it when an employee of his law firm retrieved a copy of the

case's docket on or around March 23, 2007.  Ptf.'s Reply at 3.

### D.      Procedural Background in This Court

On June 15, 2007, Ms. Brown filed a "Petition for Entry in the Court's Docket" in

the Court of Federal Claims.[3]  Id.  In response, the government filed a Motion to Dismiss

and to Strike Entry of the Pleading.  Id.  The court held a hearing on the motions via

telephone on December 17, 2007 and issued an order the following day granting the

government's motion.[4]  Ms. Brown did not file her Complaint in the Court of Federal

---

[3]In this Petition, Ms. Brown's counsel explains that the reason it took almost three
months after his employee discovered the March 15, 2005 order on or around March 23, 2007 to
file any motion in the Court of Federal Claims "was due to [counsel's] inability . . . to
immediately find attorney's [sic] that he knew that could submit letters of recommendation on
his behalf for submission to the Court of Federal Claims bar," so that he could practice before
this court.  Pet. for Entry in the Court's Docket at ¶ 14, No. 07-400C (Fed. Cl. June 20, 2007).

[4]This Order states, in pertinent part:

[This matter] involves a pleading entitled "Petition for Entry in the Court's Docket"
submitted on behalf of Yvonne Brown, who is identified as a "petitioner."  This was
not a complaint, but instead a paper informing the Court of some difficulty that Ms.
Brown and her counsel apparently had in receiving word of a district court's

Claims until March 18, 2008.  As discussed above, the government moved to dismiss the

complaint on May 19, 2008.  Oral argument was held on October 6, 2008.

## DISCUSSION

### A.     Standard of Review for a Motion to Dismiss for Lack of Jurisdiction

RCFC 12(b)(1) governs the dismissal of claims for lack of subject matter

jurisdiction.  In reviewing a motion to dismiss, "[f]actual allegations must be enough to

raise a right to relief above the speculative level, on the assumption that all the allegations

in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 127 S.

Ct. at 1965 (internal citations omitted).  See also Holley v. United States, 124 F.3d 1462,

1465 (Fed. Cir. 1997); Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995) ("[T]he

court [is] obligated to assume all factual allegations to be true and to draw all reasonable

inferences in plaintiff's favor.").  See generally Scheuer v. Rhodes, 416 U.S. 232, 236

(1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 814-15

(1982); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988).

The plaintiff, however, bears the burden of establishing subject matter jurisdiction, Alder

Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing McNutt v.

General Motors, 298 U.S. 178, 189 (1936)), and must do so by a preponderance of the

---

dismissal without prejudice of a case brought by Ms. Brown.  The government has
moved to strike the petition for entry in the Court's docket.  This seems appropriate
because, as Ms. Brown's counsel admits, Ms. Brown has filed no complaint and thus
there is no civil action to be entered in the docket under Rule 79 of the [RCFC].

Order Granting Mot. to Dismiss, No. 07-400C (Fed. Cl. Dec. 18, 2007).

evidence.  Reynolds, 846 F.2d at 748.  Because jurisdiction is a threshold matter, a case

can proceed no further if a court lacks jurisdiction to hear it.  See Steel Co. v. Citizens for

a Better Env't, 523 U.S. 83, 94 (1998); Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006)

("[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must

dismiss the complaint in its entirety."(citation omitted)).  See generally John R. Sand &

Gravel, 128 S. Ct. 750.

     **B.**     **28 U.S.C. § 2501 Statute of Limitations**

     In the recent case of John R. Sand & Gravel Co. v. United States, 128 S. Ct. 750,

the United States Supreme Court clarified that the statute of limitations contained in 28

U.S.C. § 2501 is jurisdictional.  In that case, the Court considered "whether a court must

raise on its own the timeliness of a lawsuit filed in the Court of Federal Claims, despite

the Government's waiver of the issue."  John R. Sand & Gravel, 128 S. Ct. at 752.  The

Court drew a distinction between statutes of limitations that "seek primarily to protect

defendants against stale or unduly delayed claims," which "the law typically treats as . . .

affirmative defense[s] that the defendant must raise at the pleadings stage and that [are]

subject to rules of forfeiture and waiver," and under which courts are permitted to "toll

the limitations period in light of special equitable considerations," and a second,

"jurisdictional" class of statutes of limitations that "seek not so much to protect a

defendant's case-specific interest in timeliness as to achieve a broader system-related

goal, such as facilitating the administration of claims."  Id. at 753.  With regard to this

second class of statutes, the Court stated that it "has often read the time limits of these statutes as more absolute, [such] as forbidding a court to consider whether certain equitable considerations warrant extending a limitations period." Id.  The Court in John R. Sand & Gravel examined the history of the six-year bar contained in 28 U.S.C. § 2501 and its predecessor statutes and stated that the Court "has long interpreted the court of claims limitations statute as setting forth this second, more absolute, kind of limitations period." John R. Sand & Gravel, 128 S. Ct. at 753-54.

Because this case is brought pursuant to this court's jurisdiction under the Tucker Act, the 28 U.S.C. § 2501 statute of limitations at issue in John R. Sand & Gravel applies. Pursuant to this statute, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501.  For the reasons explained below, the court finds, as a matter of law, that more than six years have elapsed since the plaintiff's claim first accrued.  Therefore, pursuant to the United States Supreme Court's holding in John R. Sand & Gravel, this court lacks jurisdiction over the plaintiff's claims and must grant the government's motion to dismiss for lack of subject matter jurisdiction.

 

### 1.    The Plaintiff's Claims First Accrued by March 22, 2000 at the Latest.

In order to determine whether Ms. Brown's claims are time-barred, it is necessary to determine when her claims first accrued.  A claim against the United States accrues

when "all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." <u>Brown Park Estates-Fairfield Dev. Co. v. United States</u>, 127 F.3d 1449, 1455 (Fed. Cir. 1997).  The plaintiff's claims stem from three alleged violations of the agreement: the failure to provide a mentor, the failure to formulate a CDP, and the failure to provide a temporary assignment at the GS-14 level. The settlement agreement, executed on May 11, 1998, establishes deadlines for compliance with each of these provisions.  The government argues that each of these claims accrued, if at all, on the latest date set for compliance under the settlement agreement.  The government proposes the following dates as the latest dates on which the claims could have accrued pursuant to the terms of the agreement: (1) as to the failure to provide a mentor, June 1, 1998, three weeks after the signing of the agreement; (2) as to the failure to formulate a CDP, July 10, 1998, sixty days after the signing of the agreement; and (3) as to the temporary promotion to a GS-14 level work detail, March 22, 2000, the date on which Ms. Brown began her detail assignment.  The plaintiff does not dispute these dates.  Therefore, under the construction most favorable to the plaintiff, the last date on which any of her claims could have accrued is March 22, 2000.

> **2.    More Than Six Years Have Passed Since the Plaintiff's Claims First Accrued.**

As stated above, Ms. Brown did not file her Complaint in the Court of Federal Claims until March 18, 2008.  Even under the most liberal construction, using March 22, 2000 as the accrual date, more than six years passed between the time the plaintiff's

claims first accrued and when she filed her Complaint with the Court of Federal Claims.

Because the six-year statute of limitations has run, this court has no jurisdiction to hear

the plaintiff's claims.

**C.  28 U.S.C. § 1631 Analysis**

**1.  The Transfer Statute Contained in 28 U.S.C. § 1631 Does Not Apply to the Plaintiff's Case Because It Was Not Transferred to This Court.**

The plaintiff asks this court to apply the provisions of 28 U.S.C. § 1631, which

governs transfers of cases between federal courts and allows the initial filing date to be

used when a case is transferred.  The statute reads:

> Whenever a civil action is filed in a [federal] court . . . or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court <u>and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.</u>

28 U.S.C. § 1631 (emphasis added).  The plaintiff asks this court to consider her current

case as having been filed on the date on which she filed her Amended Complaint[5] in the

D.C. District, February 19, 2003.  Were this court to do so, she argues, the case would be

considered timely filed and the statute of limitations would not deprive this court of

jurisdiction.

_____

[5]The plaintiff's initial Complaint in the D.C. District Court did not include the common law contract claims at issue in the case at bar.  Those claims were first raised in her Amended Complaint.

Under 28 U.S.C. § 1631, where the court in which the action was originally bought transfers the action to this court, the transferee court may substitute the date on which the action was filed in the transferor court for the date on which it was transferred.  See Nez Perce Tribe v. United States, 83 Fed. Cl. 186, 191 (2008) ("The express terms of Section 1631 require[] that the Court of Federal Claims treat the transferred claims as if [they] had been filed . . . on the date upon which [they were] actually filed in . . . the court from which [they were] transferred." (quoting 28 U.S.C. § 1631) (internal quotation marks omitted)).  See also, e.g., Stockton E. Water Dist. v. United States, 62 Fed. Cl. 379 (2004) (substituting the date on which a takings claim was filed in a federal district court for the date on which that court transferred it to the Court of Federal Claims).  However, because Ms. Brown's case was not transferred to this court, 28 U.S.C. § 1631 is inapplicable to the case at bar.  The D.C. District dismissed the case outright, and Ms. Brown never moved for a transfer pursuant to 28 U.S.C. § 1631.[6]  Therefore, because this case was not transferred pursuant to 28 U.S.C. § 1631, this court cannot substitute the date on which the Amended Complaint was filed in the D.C. District.  It may only look to the date on which the Complaint was filed in this court, March 18, 2008, to determine whether the claim is barred by the six-year statute of limitations.

_____

[6]As discussed supra, although Ms. Brown, through counsel, did file a pleading in this court on June 15, 2007 entitled "Petition for Entry in the Court's Docket," it was struck because Ms. Brown had failed to file a complaint in this court.  Even if the pleading had been permitted to stand, it would not have formed a proper basis for transfer pursuant to 28 U.S.C. § 1631, as the plain language of that statute requires that a transfer motion be brought in the transferor court.

2.     **Pursuant to the Supreme Court's Holding in <u>John R. Sand & Gravel</u>, This Court is Not Permitted to Equitably Toll the Statute of Limitations Contained in 28 U.S.C. § 2501.**

The government acknowledges that the Federal Circuit has "raised the possibility that in some circumstances a case could be 'deemed transferred' as a matter of equity, in the absence of an actual transfer." Def.'s Resp. 4 (<u>citing</u> <u>Henke v. United States</u>, 60 F.3d 795, 800 (Fed. Cir. 1995) (discussing the plaintiff's argument that his claim should be "deemed by the Court of Appeals as transferred pursuant to [28 U.S.C. § 1631] . . . .")). Although neither this court nor the Federal Circuit has had the opportunity to consider "deemed transfer" since the United States Supreme Court's recent decision in <u>John R. Sand & Gravel</u>, 128 S. Ct. 750, this court finds it necessary to consider whether equitable transfer is permitted in cases subject to the six-year statute of limitations contained in 28 U.S.C. § 2501.

In <u>John R. Sand & Gravel</u>, the Court clarified that the six-year statute of limitations in 28 U.S.C. § 2501 belongs to a class of statutes of limitations that are not subject to equitable tolling. <u>John R. Sand & Gravel</u>, 128 S. Ct. at 754-55 ("The Court has often read the time limits of these statutes as more absolute, [such] as forbidding a court to consider whether certain equitable considerations warrant extending a limitations period. . . . This Court has long interpreted [28 U.S.C. § 2501] as setting forth this . . . kind of limitations period." (<u>citing, e.g.</u>, <u>Kendall v. United States</u>, 107 U.S. 123 (1883) (holding that a predecessor of the current six-year statute of limitations did not permit

-15-

equitable tolling))).[7]

In <u>John R. Sand & Gravel</u>, 128 S. Ct. at 755, the Court addressed the plaintiff's argument that equitable tolling of the 28 U.S.C. § 2501 statute of limitations was permitted pursuant to the Court's holding in <u>Irwin v. Department of Veteran's Affairs</u>, 498 U.S. 89 (1990).  The Court in <u>John R. Sand & Gravel</u> upheld the <u>Irwin</u> Court's holding that equitable tolling of some statutes of limitations is permissible.  <u>John R. Sand & Gravel</u>, 128 S. Ct. at 755-56 (quoting <u>Irwin</u>, 498 U.S. at 95-96 ("[T]he same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States.")).  The Court stated that courts should look to congressional intent in determining whether the statute of limitations permits tolling. <u>John R. Sand & Gravel</u>, 128 S. Ct. at 756 ("Specific statutory language, for example, could rebut the presumption by demonstrating Congress' intent to the contrary.").  The Court noted that "<u>Irwin</u> dealt with a different limitations statute" than the one at issue in <u>John R. Sand & Gravel</u>.  <u>Id.</u>, 128 S. Ct. at 755.  As stated above, the Court held that equitable tolling was not permitted under 28 U.S.C. § 2501.  <u>Id.</u> at 753-54.

It is true that some federal courts have opted to deem an action transferred pursuant to 28 U.S.C. § 1631 in some cases where the prior court did not transfer the case.  For example, in <u>Rodriguez-Roman v. I.N.S.</u>, 98 F.3d 416, 421 (9th Cir. 1996), the

---

[7]Although the plaintiff does not specifically ask this court to equitably toll the statute of limitations, a "deemed" or "equitable" transfer is tantamount to equitable tolling, as both accomplish the same goal, namely, preventing the statute of limitations from barring the plaintiff's claim.

plaintiff filed an untimely appeal from an adverse Board of Immigration Appeals

decision in the Ninth Circuit after incorrectly attempting to file it in the Eleventh Circuit.

Relying on 28 U.S.C. § 1631, the Ninth Circuit opted to treat the action as if filed on the

date when it was submitted to the Eleventh Circuit clerk of the court.  Id. at 423-24.

The Federal Circuit has not considered this issue, however, and this court chooses

instead to follow the lead of the D.C. District in Jovanovic v. US-Algeria Business

Council, 561 F. Supp. 2d 103 (D.D.C. 2008).  In Jovanovic, a one-year statute of

limitations barred the plaintiff's claims.  Id. at 111.  The case had originally been brought

in and dismissed by the District of New Jersey.  Id. at 112.  Neither party had moved the

New Jersey District Court to transfer the action, and that court did not undertake a

transfer sua sponte.  Id.  The D.C. District held that "sua sponte transfers pursuant to 28

U.S.C. § 1631 are committed to the discretion of the District Court [in which the action

was first brought] where no party has moved to transfer a case brought in the wrong

jurisdiction."  Id. at 112 n.4.  The D.C. District declined to overrule the New Jersey

District Court's "discretionary decision not to transfer Plaintiff's claims" or, in the

alterative, "to treat Plaintiff's claims as if the District of New Jersey had transferred

them."  Id. at 112-13.  The court in Jovanovic also noted that, "Rodriguez-Roman is . . .

clearly distinguishable from the instant case, because here the District of New Jersey did

decide to dismiss Plaintiff's case."  Jovanovic, 561 F. Supp. 2d at 113 (emphasis in

original).  Ms. Brown's case more closely resembles the Jovanovic case than the

Rodriguez-Roman decision, in that the Jovanovic plaintiff's case was also dismissed by the trial court in which it was originally brought.  Also, as in Jovanovic, no party in the instant case moved to transfer in the district court.  Therefore, the court adopts the reasoning of the D.C. District in Jovanovic.

Furthermore, even if this court were permitted to take equitable considerations into account á la Irwin, the balance of the equities would not be in the plaintiff's favor.  In Irwin, the Court noted,  "Federal courts have typically extended equitable relief only sparingly.  We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies . . . .  We have generally been much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights." Irwin, 498 U.S. at 96.  Cf. Jankovic v. Int'l Crisis Group, 494 F.3d 1080, 1087 (D.C. Cir. 2007) (strictly construing a statute of limitations even where "good-faith mistakes of forum" resulted in claims being time-barred (quoting Sayyad v. Fawzi, 674 A.2d 905, 906 (D.C. Cir. 1996)).  The plaintiff has failed to offer a sufficient explanation as to why it took more than three years after the D.C. Circuit held that "jurisdiction to decide whether the [Agency] breached the settlement agreement lies exclusively in the Court of Federal Claims," Brown, 363 F.3d at 1297, to bring suit in this court.[8]  The only explanations she has proffered for the delay are: (1) that her attorney did not receive

---

[8]The D.C. Circuit issued its decision on December 3, 2004, and Ms. Brown did not file in this court until March 18, 2008, a difference of approximately three years, three months, and two weeks.

notice that the February 23, 2005 motion for a status hearing was denied, and that her attorney did not learn of the dismissal until an employee of his law firm checked the case's docket in the D.C. District on or around March 23, 2007; and (2) that once the denial of this motion was discovered, it took plaintiff's attorney several months to be admitted to the bar of this court.  Regardless of whether the plaintiff or her attorney received notice that the February 23, 2005 motion was denied, the plaintiff does not deny having received the D.C. Circuit's opinion or the subsequent order of the D.C. District dismissing her claims without prejudice.  Accordingly, the plaintiff and her attorney were put on notice by that opinion and Order that the Court of Federal Claims had exclusive jurisdiction over the claims.

As discussed above, the plaintiff does not dispute the government's assertion that the latest date on which Ms. Brown's claim accrued was on March 22, 2000.  This gave her well over a year after the D.C. Circuit's decision of December 3, 2004 to file in this court before her claims were barred by the statute of limitations.  Such a delay can hardly be considered the exercise of "due diligence in preserving [the plaintiff's] legal rights." Irwin, 498 U.S. at 96.  Accordingly, even if this court were permitted to take equitable considerations into account, the equities would not weigh in the plaintiff's favor.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** the defendant's motion to dismiss

under RCFC 12(b)(1).[9]  Accordingly, the Clerk of the Court shall enter judgment

**DISMISSING** the plaintiff's complaint.  No costs.

**IT IS SO ORDERED**.


s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge

---

[9]Having granted the motion to dismiss under RCFC 12(b)(1), this court has no occasion to consider the government's alternative motion to dismiss pursuant to RCFC 12(b)(6).